APPEAL OF GOLDSTEIN BROS. AMUSEMENT CO., INC.

Docket No. 4131.    Submitted July 16, 1925.    Decided January 21, 1926.

The taxpayer and two other corporations, *held* not to have been affiliated in the years 1919 and 1920.

*Henry Herrick Bond, Esq.*, for the taxpayer.
*P. S. Crewe, Esq.*, for the Commissioner.

Before MARQUETTE and MORRIS.

This is an appeal from the determination of deficiencies in income and profits taxes for the years 1919 and 1920 in the amount of $12,501.30, and an overassessment for 1918 of $636.10, with a resulting net deficiency of $11,865.20.

The single question is whether the taxpayer was affiliated with other corporations during the years 1918, 1919, and 1920.

FINDINGS OF FACT.

The taxpayer is a Massachusetts corporation, with principal office in Springfield, and was engaged in the operation of certain moving-picture theatres. It filed an affiliated corporations questionnaire, which was executed May 14, 1920, and included the following companies:

| Name of company. | Date of incorporation. |
|---|---|
| Goldstein Bros. Amusement Co | Jan. 1, 1919 |
| Samuel & Nathan E. Goldstein, Inc | Do. |
| Broadway Theatre Co | June 8, 1912 |
| Natsam Features Co | Mar. 10, 1917 |
| Victory Theatre Co | July 21, 1919 |

The questionnaire neglected to state to what year the information applied, but it was accepted by the Commissioner as relating to the year 1919. Upon the basis of that information, the Commissioner accepted a consolidated return for the first three companies named, but refused consolidation of the Natsam Features Co. and the Victory Theatre Co. The ownership of stock in the three companies, as to which consolidation was granted, was:

| | Goldstein Bros. Amusement Co. | Samuel and Nathan E. Goldstein, Inc. | Broadway Theatre Co. |
|---|---|---|---|
| | Shares | Shares | Shares |
| Nathan E. Goldstein | 497 | 499 | 129 |
| Samuel Goldstein | 497 | 499 | 129 |
| Jacob Schancupp | 6 | | |
| John F. Jennings | | 2 | 1 |
| Frederick G. Smith | | | 1 |

The Natsam Features Co. was incorporated under the laws of Massachusetts in 1917, and was engaged in the business of acquiring and renting moving-picture rights connected with two feature pictures for the benefit of the various amusement enterprises conducted by the taxpayer and others. One hundred shares of its stock were issued, of a par value of $100 each, 30 shares being issued to Nathan E. Goldstein, 30 shares to Samuel Goldstein, and 10 shares each to Jacob Schancupp, Henry Loscoe, Samuel Wiener and Susan A. Haggerty. Schancupp was a brother-in-law of the Goldsteins; Loscoe was the attorney for the corporation, Natsam Features Co.;

Wiener was a business associate of the Goldsteins; and Mrs. Haggerty was the wife of an employee of the company who invested $1,000 in the stock and had it issued in his wife's name.

The Victory Theatre Co. was organized under the laws of Massachusetts on July 21, 1919, and during the year 1921 operated a moving-picture theatre in Holyoke, Mass. Its authorized capital was $60,000 common stock, which was subscribed for as follows:

|  | Shares. |
|---|---|
| Samuel Goldstein | 299 |
| Nathan E. Goldstein | 299 |
| John F. Jennings | 2 |

The stock of the Victory Theatre Co. was first actually issued as follows:

|  | Shares. |
|---|---|
| July 21, 1919, Nathan E. Goldstein | 5 |
| July 21, 1919, Samuel Goldstein | 5 |
| July 21, 1919, John F. Jennings | 2 |

The total issued and outstanding stock of the Victory Theatre Co. from July 21, 1919, and during the balance of that year, was held as follows:

|  | Shares. |
|---|---|
| Nathan E. Goldstein | 5 |
| Samuel Goldstein | 5 |
| John F. Jennings | 2 |

The total issued and outstanding stock of the Victory Theatre Co. during the year 1920 was:

Nathan E. Goldstein, 5 shares from January 1, 1920, to January 1, 1921.

Samuel Goldstein, 5 shares from January 1, 1920, to January 1, 1921.

John F. Jennings, 2 shares from January 1, 1920, to September 15, 1920.

John F. Jennings, 5 shares from September 15, 1920, to January 1, 1921.

Goldstein Bros. Amusement Co., 300 shares from June 1, 1920, to September 4, 1920.

Goldstein Bros. Amusement Co., 400 shares from September 4, 1920, to December 20, 1920.

Goldstein Bros. Amusement Co., 435 shares from December 20, 1920, to January 1, 1921.

Other interests, 136 shares from September 15, 1920, to January 1, 1921.

All of the " other interests " above set forth (with the addition of Jennings) also held bonds of the Victory Co. and had so paid their subscriptions for bonds at September 15, 1920, that the stock was then issued to them.

Prior to the erection of the Victory Theatre there was no modern theatre in the City of Holyoke. Public-spirited citizens had been instrumental in the financing of a modern hotel and, after the erection of the same, it was decided to add to the community a first-class theatre. The Chamber of Commerce of Holyoke conferred with the

Goldstein brothers, who, in Springfield and other cities, operated successful and modern motion-picture theatres. The financing of the enterprise was arranged by placing a first mortgage with a bank in the amount of $200,000 and selling bonds to public-spirited citizens in the amount of $70,000, such bonds being secured by a second mortgage. It was agreed that, for every $1,000 of bonds subscribed and paid for, the subscriber would buy $100 par value of the common stock. The stock was not issued to bondholders until the bonds had been paid in to the extent of 50 per cent of the subscription price, which, in each instance, occurred on September 15, 1920.

The bondholders, who also owned 141 shares of the stock from September 15, 1920, were represented on the board of directors of the Victory Theatre Co. by Charles E. Mackintosh. There was no evidence, by way of corporate records, showing how the stock of the minority group was actually voted at meetings of stockholders, but such minority stockholders as attended meetings never took an active part in the meetings or voted contrary to the Goldsteins.

The persons other than the Goldsteins who put their money into the enterprise did not do so as an investment but rather from the motive of civic pride and interest. They had confidence in the Goldsteins and were content to leave the management of the theatre entirely to them.

The sole activity of the Victory Theatre Co., from the date of its incorporation on July 21, 1919, until the latter part of 1920, was in the erection and equipping of a motion-picture theatre in the City of Holyoke and the necessary financing in connection therewith. No income accrued to the company until the theatre was opened to the public late in December, 1920, or about January, 1921, from which time rent was paid by the Goldstein Bros. Amusement Co. to the Victory Theatre Co. at the rate of $2,500 per month.

The total book cost of the land, building, and equipment, upon the completion of the theatre about December 30, 1920, was approximately $263,000, which amount was largely represented by borrowed money.

Certain of the stockholders, other than the Goldsteins, in both the Natsam Features Co. and the Victory Theatre Co., signed undated documents by which they agreed to sell their stock to the respective companies at the price offered by any other person, but not in excess of the book value. Neither company executed the documents.

The taxpayer loaned money to the Natsam Features Co. and to the Victory Theatre Co. on several occasions.

### DECISION.

The determination of the Commissioner is approved.

MARQUETTE: The facts with reference to the Natsam Features Co. show that 40 per cent of the stock of that corporation was owned by others than the Goldsteins, and there is no evidence tending to prove that the minority stock was controlled by them. The mere fact of family and business relationship, standing alone, is insufficient to constitute control or to warrant a holding that persons standing in such relationship constitute the same interest with the majority. The extent of the Goldsteins' control is a matter of speculation, and the facts with reference to the Natsam Features Co. are insufficient to warrant affiliation.

Assuming that the Goldsteins controlled the stock owned by the taxpayer in the Victory Theatre Co., the proof shows actual ownership by the Goldsteins of 83⅓ per cent from July 21, 1919, to June 1, 1920, and, to an increased percentage, a control through the taxpayer from June 1, 1920, to September 13, 1920, when the issuance of 141 shares to other persons reduced the percentage of the Goldsteins' ownership and control to about 75 per cent. The issuance of 35 shares to the taxpayer on December 20, 1920, did not serve materially to increase the control of the Goldstein interests. No actual control of the stock of the minority interests is shown, the only evidence being to the effect that the minority was quiescent and permitted the Goldstein interests to manage the affairs of the corporation. True, certain of the stockholders had agreed to sell their stock to the corporation at the price offered by any other person but not in excess of the book value, but there was no obligation upon the corporation to purchase, and we are unable to see how a mere option to purchase can constitute control of the stock.

In the circumstances of this appeal, we are of opinion that an ownership and control of 75 per cent of the stock of a corporation by the same interests is insufficient to constitute a control of substantially all the stock, and the Victory Theatre Co. and the taxpayer can not be affiliated upon that ground during the years in question. The same conclusion results if the taxpayer and the Victory Theatre Co. are attempted to be affiliated through the ownership by the taxpayer of stock in the Victory Theatre Co. If we assume that the taxpayer controlled the Goldstein holdings and that those two constituted closely affiliated interests, there is still no evidence of control of approximately 25 per cent of the stock, and we are unable to hold that it owned or controlled, through closely affiliated interests, substantially all the stock of the theatre company.